CHARLES H. AVERY *vs.* MICHAEL GINSBURG.

First Judicial District, Hartford, October Term, 1917.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

Alleged errors must be "specifically stated" in the reasons of appeal (General Statutes, § 802), in order to entitle them to consideration in this court. Accordingly, an assignment to the effect that the appellee did not prove his case with the certainty required by law, and that on the whole case judgment should have been rendered for the appellant, is too general and does not comply with the statute.

It is to be presumed that where there is any competent evidence in support of a certain fact set forth in its finding, the trial court relied upon that rather than upon other evidence which was excluded as hearsay.

The finding of a fact which is harmless to the appellant, even if not fully justified by the evidence, does not warrant the granting of a new trial.

The trial court found that the defendant, who was driving his automobile, violated the law of the road by negligently colliding with the plaintiff's wagon going in the same direction, and awarded the injured plaintiff $800 damages. *Held* that there was nothing in the record to substantiate the defendant's claim that this award was excessive, or that in fixing that sum the court erred.

Avery *v.* Ginsburg.

In passing upon the nature and extent of the plaintiff's personal in-
juries, a trial court is not confined to the medical testimony.

In an action to recover damages for personal injuries, the complaint
originally asked for $1,000, which was the limit of the court's juris-
diction; but before trial the plaintiff was allowed to amend the *ad
damnum* clause so that it claimed "$1,000 damages, trebled."
Upon the trial judgment was rendered for the plaintiff for $800.
*Held* that the allowance of the amendment, not being within the
power of the court, must be treated as a nullity, and therefore as
ineffective to oust the court of its jurisdiction, at least as against
a non-objecting defendant who saw fit to go to trial upon the
merits of the case.

Argued October 3d—decided December 15th, 1917.

ACTION to recover damages for personal injuries al-
leged to have been caused by the defendant's negligence
in driving his automobile against the wagon in which
the plaintiff was riding, brought to and tried by the
Court of Common Pleas in Hartford County, *Markham,
J.;* facts found and judgment rendered for the plaintiff
for $800, and appeal by the defendant. *No error.*

The plaintiff was driving his horse, hitched to a
wagon, over a road in New Britain. The accident oc-
curred when the defendant was behind and following
the plaintiff in an automobile over this road. The
automobile struck the wagon in the rear, and raised it
to such an angle that the plaintiff was violently thrown
to the ground.

The parties were at issue as to the cause of the colli-
sion and the nature and extent of the plaintiff's injuries.
Upon these questions the court below found for the
plaintiff, and rendered judgment for him to recover
$800 damages and his costs.

The reasons of appeal are thirty-eight in number; the
last thirty-four of which are exceptions to the finding
and to the refusal of the judge to incorporate therein
certain matters which the defendant claims to have
established by the evidence, which is before us under
§ 797 of the General Statutes.

Other claims of the defendant are: "1. The plaintiff did not prove his case with a certainty required by law. 2. On the whole case, judgment should be rendered for the defendant. 3. On the whole case, if the defendant be liable at all, the damages assessed were excessive."

The defendant also contends that by an amendment filed by the plaintiff and allowed by the court, the Court of Common Pleas was ousted of its jurisdiction of the case. The record discloses that in the plaintiff's original complaint he claimed to recover $1,000 damages. By permission of the court the word "trebled" was added by amendment to the *ad damnum* clause so that it read: "The plaintiff claims $1,000 damages, trebled." The allegations of the complaint as thus amended were denied by the defendant.

*George W. Klett* and *Benjamin W. Alling,* for the appellant (defendant).

*Arthur W. Upson,* for the appellee (plaintiff).

RORABACK, J. The first assignment of error does not comply with the provisions of § 802 of the General Statutes, which require that the precise error claimed shall be "specifically stated" in the reasons of appeal.

It appears from an examination of the record that there was evidence from which the trial court could have fairly found the material and controlling facts set forth in the finding. It can also be said that these facts, so found, are consistent with and that they fully sustain the judgment rendered.

The defendant excepts to this finding of the court: "The defendant had only owned said automobile a short time previous to said collision, and had been licensed to drive said machine only since July 9th, 1915."

The defendant contended that these two facts, a brief ownership and a recent license, were found upon testimony which was afterward excluded as hearsay. The record does not altogether sustain this claim, as there was other testimony, received without objection, tending to show that the defendant had owned the car only a few days at the time of the accident, and that he was then driving it for the second time. The presumption is that the court relied upon this evidence as the basis for its finding, rather than upon that which was excluded as hearsay. However, neither of these facts was important, nor even relevant, strictly speaking. How long an experience the defendant had had with automobiles might be relevant upon the question of his competency as a driver, but how long he had owned this particular car was of little, if any, consequence. He might have owned a dozen cars before this one, and also might have been licensed repeatedly before July 9th, 1915. Clearly the defendant was not harmed by this clause of the finding, even if it was not fully justified by the evidence; and its elimination would not change the result.

There was abundant evidence in support of the finding that the defendant was not a competent driver at the time of the collision, and that he was then driving the car in a dangerous manner; and therefore the exception to that statement is not sustained.

Several reasons of appeal are urged by the defendant to sustain his contention that the judgment for damages rendered by the court below was excessive. The trial court found that the defendant violated the law of the road by carelessly colliding with the plaintiff's wagon when he had plenty of room to pass on its left; and because of this finding, the defendant contends that the trial judge may have doubled or trebled the damages which he considered would be sufficient to

compensate the plaintiff for his actual injury, and that he may have erred in so doing. It is a sufficient answer to this contention to say that the record does not indicate that the court doubled or trebled any sum, or awarded any other damages than those which it deemed compensatory for the injury sustained by the plaintiff; or that in so doing any error of law intervened. We certainly cannot assume that the court's action was irregular or improper, which is practically what the appellant asks us to do.

The defendant's contention that the medical testimony appearing in the case did not fully sustain the plaintiff's evidence and claim that he had three ribs broken, is entitled to consideration. The court was not confined to the medical testimony alone, as to the nature and extent of the plaintiff's injury to his ribs. The plaintiff upon this point testified that the doctor found that his ribs were broken; that before his rib was attended to he could feel the ends grate together, and that about one year after his injury he had frequent and severe pains at the point where he said his ribs were broken. It cannot be said that there was no evidence to sustain this paragraph of the finding.

The other requests made for a correction of the finding do not require consideration. Therefore the motion to correct is denied.

It appears from the record that the trial court in its estimate of the plaintiff's damages considered three matters: the plaintiff's bill for medical attendance, pain and suffering, and loss of time. The allegations of the plaintiff's complaint were broad enough to allow the court to consider all of these elements in the estimation of damages. It reached the conclusion that the plaintiff had sustained severe and permanent injuries, and rendered judgment for substantial damages. We cannot say from the evidence that the amount allowed was excessive.

The matter in demand as it appeared in the complaint before its amendment was $1,000. Upon the Court of Common Pleas for Hartford County was conferred concurrent jurisdiction with the Superior Court in cases demanding more than $500 and not more than $1,000. General Statutes, § 535. The trial court, therefore, had jurisdiction, and was in the exercise of it when the amendment was made to the claim for damages.

Substantially the question here raised was considered by this court in *Fowler* v. *Bishop*, 32 Conn. 199. In this case, upon page 209, this court said: "Now if it be true that such an amendment, allowing it to operate as such, would have the effect to oust the Superior Court of its acknowledged jurisdiction over the case, we should then think that the amendment ought to be treated as a nullity. The Superior Court, having no authority to make it, ought to be considered, in law, as not having made it, and the suit would then be left pending as it was originally instituted, demanding five hundred dollars damages only." Furthermore, it was held by this court that a defect much like the present one was cured by the defendant's answering to the process and going to trial upon the merits of the case. *Cook* v. *Morse*, 40 Conn. 544, 549–551. The defendant made no objection to this amendment in the court below, but joined issue with the allegations of the complaint as it was amended, and the case went to trial upon its merits, when judgment was rendered against the defendant for an amount which was within the jurisdiction of the trial court. The improper allowance of this amendment did not, under the circumstances here present, oust the court below of its jurisdiction over the case. A wrong decision may constitute error, but it does not here destroy the jurisdiction which the court had over the case. This amendment, which plainly was irregular,

should be treated as surplusage, or regarded as a nullity. *Fowler* v. *Bishop*, 32 Conn. 199, 209; *Turner* v. *Conkey*, 132 Ind. 248, 17 L. R. A. 509; *Franklin Union No. 4* v. *The People*, 220 Ill. 355, 77 N. E. 176, 4 L. R. A. (N. S.) 1001, 1009.

There is no error.

In this opinion the other judges concurred.