MARY E. BATES, EXECUTRIX, *vs.* GEORGE W. CARROLL.

Second Judicial District, Norwich, October Term, 1923.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Causal connection between an injury and a physical condition thereafter developed, cannot be the subject of surmise or conjecture, but must rest upon facts proved.

In the present case the plaintiff's intestate received an injury in an automobile accident and died fourteen months later from cancer. *Held* upon a review of the evidence in the case, that the jury were not warranted in drawing their conclusion that the injury was the cause of the cancer, and therefore that their verdict for the plaintiff should have been set aside upon the defendant's motion.

Argued October 16th—decided November 7th, 1923.

ACTION to recover damages for personal injuries and resulting death, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New London County and tried to the jury before *Brown, J.;* verdict and judgment for the plaintiff for $7,527, and appeal by the defendant. *Error and new trial ordered.*

*Edward W. Broder* and *J. Gilbert Calhoun,* for the appellant (defendant).

*Arthur M. Brown* and *Telley E. Babcock,* for the appellee (plaintiff).

WHEELER, C. J. The plaintiff's decedent was injured in an automobile accident on October 24th, 1920, and died some fourteen months thereafter. The greater part of the verdict was for his death which resulted from a sarcoma or cancer, which the plaintiff claimed, and the jury must have found, was caused by a traumatic injury occurring in this accident.

The only substantial ground of the appeal from the denial of the motion to set aside the verdict, concerns the question as to whether the jury could, upon the evidence before them, have reasonably found that the cancer was caused by a traumatic injury suffered by the decedent in this accident. The jury might reasonably have found that the decedent when in good health suffered a traumatic injury upon the left side of his abdomen in this accident; that his physician diagnosed this as a bruise; that he suffered severe pain in his side constantly until, in November, 1921, the pain grew so bad he consulted a physician who found a mass on the left side of the abdomen, about the place of the injury to it, which was of malignant growth. Later, on November 30th, when the surgeon operated on him, he appeared to have lost fifty pounds, to be emaciated, somewhat pale, listless and lacking in strength. Upon operation a sarcoma or cancer was found a little to the left of the middle line, and just below the navel. No evidence was offered by the plaintiff or appeared in the case that in the opinion of a physician or surgeon the cancer was either a result of, or a probable result of, the traumatic injury suffered in the accident; and no physician or surgeon was asked for his opinion as to the cause of the cancer based upon a hypothetical question detailing the facts proven.

The jury might have found from the medical testimony that there are four chief causes of cancer one of which was traumatism, that is, an injury. One of the physicians called by the plaintiff was asked on cross-examination: "In this particular case you would not attempt to assign what caused his condition?" and replied: "I think it is impossible to say what causes a cancer or sarcoma." Another was asked on cross-examination: "Do you know what that condition developed from, Doctor?", and replied: "No"; and

"Now could you say what caused the tumor?"; and replied: "No, we cannot say what caused it."

From the evidence before them we do not think the jury could reasonably have inferred that the cancer was caused by the injury to the left side in this accident. It was an inference which could only be made by expert medical authority, or by the jury in reliance upon medical opinion. The physician's testimony before the jury in the instant case excluded any such inference. Neither by the direct opinion of a physician, nor by his deduction by the process of eliminating other causes than traumatic agency, nor by his opinion based upon a hypothetical question, did the plaintiff place before the jury the only basis from which they could have reasonably reached such a conclusion. Without such expert evidence, the opinion of the layman upon a subject such as the determination of the cause of a cancer in a given case is mere speculation or conjecture. These cannot support causal connection; that must rest upon the proven facts. The plaintiff failed to sustain the burden of making such causal connection and furnished the jury no logical basis for making the inference they drew. *Morse* v. *Consolidated Ry. Co.*, 81 Conn. 395, 399, 71 Atl. 553; *Murphy* v. *Linskey*, 94 Conn. 475, 481, 109 Atl. 412.

There is error and a new trial is ordered.

In this opinion the other judges concurred.