480

ARTHUR F. DOYLE ET AL. *v.* ROBERT J. RUSSELL ET AL.
(3389)

DALY, BIELUCH and COVELLO, Js.

Argued September 18—decision released November 12, 1985

*Sheldon A. Messinger,* for the appellant (named plaintiff).

*Irwin E. Friedman,* for the appellees (defendants).

DALY, J. The plaintiff, Arthur F. Doyle,[1] instituted this action against the defendants, Robert J. Russell

[1] The plaintiff Mary E. Pinaglia owned the automobile which was operated by the named plaintiff. Pinaglia subsequently withdrew her action against the defendants. As used in this opinion, "plaintiff" refers to the named plaintiff only.

of Newtown, Connecticut, and Town and Country, Inc., a Pennsylvania Corporation, to recover for injuries and damages sustained as a result of a rear end motor vehicle accident. The court rendered summary judgment on the issue of liability alone and, thereafter, the parties went to trial on the issue of damages. The jury awarded the plaintiff $15,000, which amount the plaintiff considered inadequate. Consequently, the plaintiff appealed from the denial of his motion to set aside the verdict.

On appeal,[2] the plaintiff claims that the trial court erred (1) in limiting the plaintiff's loss of earnings to one week, and (2) in not allowing the jury to consider costs incurred for possible future surgery to the plaintiff's nose.[3]

" 'The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness.' " *Josephson* v. *Meyers,* 180 Conn. 302, 312, 429 A.2d 877 (1980); *Herb* v. *Kerr,* 190 Conn. 136, 140, 459 A.2d 521 (1983). In addition, litigants may always exercise their constitutional right to have issues of fact decided by a jury and not by the court. *Cicero* v. *E.B.K., Inc.,* 166 Conn. 490, 494, 352 A.2d 309 (1974).

The plaintiff claims in the first issue that the court incorrectly limited the jury charge to allow the plaintiff's lost earnings only for one week without consideration of future earning capacity. Paragraph eleven of the plaintiff's substituted complaint, dated February 9, 1984, alleges: "As a further result of the injuries, Mr. Doyle has not been [able] to fully attend to his employment and has lost income thereby."

---

[2] The preliminary statement of issues was never amended to include the first issue, but since it has not been objected to and has been briefed by both parties, we will consider it.

[3] The third claim of error which relates to the opportunity to see the request to charge was withdrawn at the time of argument.

" 'It is fundamental to our law that the right of a plaintiff to recover is limited to the allegations of his complaint.' " *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700, 705, 462 A.2d 376 (1983); *Montano* v. *Kin-Therm, Inc.,* 4 Conn. App. 187, 190–91, 493 A.2d 266 (1985). In his substituted complaint, the plaintiff failed to allege a loss of future earning capacity. Even if he had, the only evidence presented at trial was the loss of one week's wages and, therefore, the court was not in error in limiting the jury's consideration in this regard.

The remaining issue concerns whether the trial court correctly instructed the jury not to consider any claim for future medical expenses or surgery involving the plaintiff's nose injury.[4] In order to recover damages, a plaintiff must establish a causal relationship between the injury and the physical condition which he claims resulted from it. *Bonner* v. *Winter,* 175 Conn. 41, 48, 392 A.2d 436 (1978); *Bates* v. *Carroll,* 99 Conn. 677, 679, 122 A. 562 (1923). "This causal connection must rest upon more than surmise or conjecture." *Bonner* v. *Winter,* supra; *Witkowski* v. *Goldberg,* 115 Conn. 693, 696, 163 A. 413 (1932). "A trier is not concerned with possibilities but with reasonable probabilities." *Budney* v. *Zalot,* 168 Conn. 388, 362 A.2d 861 (1975).

The testimony or opinion of the medical expert must establish that "it was *reasonably probable* that the [condition in question] resulted from the injury" received in the accident and was therefore directly caused by that injury. (Emphasis added.) *Witkowski* v. *Goldberg,* supra. Such testimony, which takes into consideration all the facts and possible hypotheses, removes the veil

---

[4] The trial court's instructions to the jury stated in pertinent part: "You may not consider any claim for costs of surgery on the nose for the reason that there is no evidence before you that the surgery was performed or that it was reasonably medically necessary for injury sustained as a result of this accident."

of speculation from the case and is sufficient to present a question of fact to be determined by the trier. Id.

The report by Donald E. Buckley, a physician, on the plaintiff's physical condition was introduced into evidence by the plaintiff and provided in part: "It is *quite* probable that [the plaintiff] also sustained some superior nasal septal injury at this point coupled with an old nasal septal deviation. Presently the patient is bothered by nasal stuffiness which is secondary to both the old septal deviation, which was aggravated with the nasal injury sustained in the automobile accident. Adequate resolution of the problem would require nasal septoplasty should it be a persistent source of patient discomfort." (Emphasis added.)

According to Webster's Third International Dictionary, "quite," as used in Buckley's report, means "completely," "wholly," "positively," which is sufficient to remove the nose surgery issue from the realm of speculation and to present it as a question of fact to be determined by the jury. An expert witness, who is unwilling to state a conclusion with absolute certainty, is competent to express an opinion stated at least in terms of the probable and not merely the possible. *Healy* v. *White,* 173 Conn. 438, 443, 378 A.2d 540 (1977). " 'Thus . . . a physician may testify as to the probable duration or consequences of an existing illness or condition." Id. Although Buckley fails to state with absolute certainty that the condition of the nose was directly caused by the accident, his report indicates that a reasonably probable connection existed.

" 'As we have often stated, the test to be applied to any part of a charge is whether the charge as a whole presents the case to the jury so that no injustice will be done.' " *State* v. *Moss,* 189 Conn. 364, 370, 456 A.2d 274 (1983); *State* v. *Derrico,* 181 Conn. 151, 171, 434 A.2d 356, cert. denied, 449 U.S. 1064, 101 S. Ct. 789,

66 L. Ed. 2d 607 (1980). "If a charge as a whole is sufficient to guide the jury in deciding the issues, error cannot be predicated on omission to charge on a specific point as to which no charge is requested. However, if the omitted matter is essential to a proper and complete consideration and decision of the case, failure to include it, although inadvertent, constitutes error." *Gross* v. *Boston, W. & N.Y. St. Ry. Co.,* 117 Conn. 589, 596, 169 A. 613 (1933).

In charging the jury, the trial court failed to allow the jury to consider evidence from medical reports addressing future surgeries and treatment of the plaintiff's nose. We find this omission essential to a proper determination of damages regarding the nose injury.

There is error in part, the judgment is affirmed with regard to the plaintiff's future earning capacity but set aside as to the amount of damages awarded for future medical treatment to the nose, and a new trial is ordered limited to that issue.

In this opinion the other judges concurred.