548

JAMES S. WILSON *v.* R.F.K. CORPORATION ET AL.
(7516)

DUPONT, C. J., DALY and O'CONNELL, Js.

Argued June 13—decision released September 5, 1989

*Mark S. Neistat,* for the appellant (named defendant).
*Michael W. Murray,* for the appellee (plaintiff).

DALY, J. The plaintiff instituted this action to recover damages for injuries sustained as a result of a battery committed by the named defendant's bartender at its

restaurant. From the judgment rendered by the court in favor of the plaintiff, the named defendant has appealed.[1] The defendant claims that the trial court committed the following errors: (1) it allowed the plaintiff to amend his complaint after he had rested his case and the defendant had moved for dismissal; (2) it found a causal connection between the battery and the plaintiff's injuries without sufficient medical evidence; (3) it improperly applied the law of apparent authority; and (4) it found that the defendant's bartender was the only employee in the bar at the time of the incident, despite testimony to the contrary. We find no error.

The trial court found the following facts. The defendant is the owner of Wish's Restaurant in East Hartford. On April 30, 1986, Thomas McKenzie was employed by the defendant as a bartender at the restaurant. At approximately 8:45 p.m. that day, the plaintiff was a patron at the restaurant's bar. The plaintiff was making a great deal of noise in the bar, shouting and banging a hockey puck on the table, and he broke a window. McKenzie asked the plaintiff to be quiet and also threw ice cubes at the plaintiff to quiet him down. McKenzie finally climbed over the bar and punched the plaintiff in the face, causing him to fall face first into a vending machine.

The next morning, the plaintiff went to the Manchester Memorial Hospital emergency room for treatment. The plaintiff suffered multiple facial fractures for which he received remedial surgery.

The court found that McKenzie was acting within the scope of his employment when he struck the plaintiff and awarded the plaintiff damages in the amount of $8127.62.

---

[1] This action was brought against both the corporation and Thomas McKenzie, the bartender. McKenzie, however, was defaulted for failure to appear. The corporation is the only defendant appealing. Accordingly, as used in this opinion, the term "defendant" refers only to the corporation.

In the defendant's first claim of error, it argues that the court erred in allowing the plaintiff to amend his complaint after he had rested his case and after the defendant had moved to dismiss the complaint. The defendant claims that it was prejudiced in its defense of the case by the court's ruling.

" 'The trial court may allow, in its discretion, an amendment to pleadings. . . . Such a ruling can be reversed only upon a clear showing of an abuse of discretion. . . . Factors to be considered in determining whether there has been an abuse of discretion include unreasonable delay, fairness to opposing parties and the negligence of the party offering the amendment. . . .' " (Citations omitted.) *Colonial Bank & Trust Co.* v. *Matoff,* 18 Conn. App. 20, 26, 556 A.2d 619 (1989), quoting *Jonap* v. *Silver,* 1 Conn. App. 550, 555, 474 A.2d 800 (1984); see also Practice Book § 178.

Our review of the record indicates that the amendment to include a prayer for relief for compensatory damages merely conformed the pleadings to the proof offered by the plaintiff, as permitted by Practice Book § 178. Moreover, the record indicates that the defendant did not move to continue the trial or to amend its answer. See *Smith* v. *New Haven,* 144 Conn. 126, 132–33, 127 A.2d 829 (1956). The defendant's failure to do so weakens its claim of prejudice. We conclude that the court did not abuse its discretion in permitting the amendment.

The defendant next claims that the trial court erred in finding a causal connection between the blow received and the injuries sustained by the plaintiff. The defendant claims specifically that the medical evidence presented, in the form of a doctor's report, was insufficient to establish the necessary causal connection.

"In order to recover damages, a plaintiff must establish a causal relationship between the injury and the

physical condition which he claims resulted from it."
*Doyle* v. *Russell,* 5 Conn. App. 480, 483, 499 A.2d 1169
(1985), citing *Bonner* v. *Winter,* 175 Conn. 41, 48, 392
A.2d 436 (1978). The connection must depend upon
more than surmise and conjecture, because the trier
of fact is concerned only with reasonable probabilities.
Id.

"The testimony or opinion of the medical expert must
establish that 'it was *reasonably probable* that the [con-
dition in question] resulted from the injury' received
in the accident and was therefore directly caused by
that injury. (Emphasis added.) *Witkowski* v. *Goldberg,*
[115 Conn. 693, 696, 163 A. 413 (1932).]" *Doyle* v. *Rus-
sell,* supra.

As part of his proof of causation, the plaintiff pre-
sented the report of Barry D. Trabitz, an oral and max-
illofacial surgeon. The report stated that the plaintiff
"was seen first in the Emergency Room of Manchester
Memorial Hospital on May 1, 1986, eighteen (18) hours
after he was struck on the left side of the face," and
it also detailed the plaintiff's injuries. Although it is
true that the report does not specifically state that the
plaintiff's injuries were the result of the battery, the
report reveals that Trabitz believed the injuries to be
the result of a blow to the plaintiff's face. See *Struck-
man* v. *Burns,* 205 Conn. 542, 555, 534 A.2d 888 (1987).

Moreover, the court was not confined to medical evi-
dence alone in determining whether a causal relation-
ship existed. *Avery* v. *Ginsburg,* 92 Conn. 208, 212, 102
A. 589 (1917). The injuries that the plaintiff sustained
were not such as to make medical evidence essential
because these were the type of injuries that are within
the common knowledge of a lay person. Compare *Avery*
v. *Ginsburg,* supra (expert testimony not necessary to
establish that broken ribs were sustained as a result
of an automobile accident), with *Bates* v. *Carroll,* 99

Conn. 677, 679, 122 A. 562 (1923) (expert testimony necessary to establish that cancer was caused by the injury sustained in an automobile accident). Accordingly, the court could consider the testimony of the plaintiff and several eyewitnesses to the incident on the issue of causation. We conclude that the plaintiff presented sufficient evidence from which the court could conclude that there was a causal relationship between the blow he received and the injuries he sustained.

The defendant's next claim is that the trial court erred in applying the law of apparent authority. In its substituted memorandum of decision, the court stated the following: "In deciding that there was a prima facie case in response to the defendant's motion to dismiss, the Court used the term, apparent authority. The Court is of the opinion that apparent authority still applies to this case, but as the evidence came in and the case was completed, the Court also came to the conclusion that we are dealing here with both apparent authority and implied authority." It is clear from the memorandum of decision that the court considered both apparent and implied authority, but that it correctly applied the proper master-servant standard of liability.

"It is well established that an employer is liable for the wilful torts of his employee when they are committed within the scope of his employment and in furtherance of the employer's business." *Cardona* v. *Valentin*, 160 Conn. 18, 22, 273 A.2d 697 (1970). Whether the wilful tort occurred within the scope of the employment and in furtherance of the business is a question of fact for the trier. Id.

The trial court found that the defendant had hired McKenzie as a bartender, and that McKenzie had been instructed how to handle inebriated patrons and to keep order in the bar. McKenzie's battery upon the plain-

tiff grew out of his attempt to abide strictly by his instructions. "The fact that the specific method a servant employs to accomplish his master's orders is not authorized does not relieve the master from liability. . . . A master does not escape liability merely because his servant loses his temper while he is conducting the master's business." (Citations omitted.) *Pelletier* v. *Bilbiles,* 154 Conn. 544, 548, 227 A.2d 251 (1967).

Our review of the evidence leads us to conclude that the trial court could reasonably have found that the battery by McKenzie arose in the course of his attempt to carry out the defendant's instructions. As such, the battery was merely the culmination of a transaction related directly to McKenzie's duties, and the defendant could properly be found liable.

The defendant's final claim of error merits little discussion. The defendant claims that the court erred in finding that McKenzie was the only employee in the barroom on the night of the incident. Robert Krist, the defendant's president, testified that the restaurant's pizza cook was on the premises that evening and that he was the employee responsible for maintaining order.

The credibility of witnesses is a question of fact to be determined by the trier. " 'This court cannot and will not weigh the evidence contained in the record before us.' " *Sansone* v. *Lettieri,* 4 Conn. App. 466, 467–68, 495 A.2d 720 (1985). We find no basis for concluding that the trial court erred in its finding.

There is no error.

In this opinion the other judges concurred.