GENEVA M. SAMPIERE *v.* JOEL S. ZARETSKY ET AL.
(9992)

FOTI, LANDAU and HEIMAN, Js.

Argued November 8, 1991—decision released February 4, 1992

---

*Beth A. Barrett,* for the appellants (defendants).

*Robert S. Kolesnik,* with whom, on the brief, was *Maureen E. Norris,* for the appellee (plaintiff).

LANDAU, J. The defendants,[1] Joel Zaretsky, an allergist, and his medical assistant, Francine Garafolo, appeal from the trial court's judgment in favor of the plaintiff. The plaintiff was awarded $70,000 as against both defendants in a general verdict rendered by a jury. The trial court denied the defendants' motion to set aside the verdict. On appeal, the defendants claim that the trial court improperly (1) refused to grant their motion to set aside the verdict which alleged that the plaintiff failed to establish by expert testimony a breach of the standard of care and proximate cause, (2) instructed the jury that it could find gross negligence against the defendants, (3) allowed nonexpert testimony on the issue of proximate cause, and (4) instructed the jury that future medical expenses were a proper element of damages. We agree with only the fourth claim and do not address the remaining claims in the opinion.

The jury could reasonably have found the following facts. On June 12, 1984, Garafolo, an employee of the named defendant Zaretsky, administered an allergy injection to the plaintiff at Zaretsky's office in Ansonia. Garafolo injected the plaintiff with a dosage ten times greater than the patient's prescribed dosage. The plaintiff suffered an allergic reaction consisting of increased body temperature, severe itching, diminished hearing, a rash and labored breathing. Zaretsky administered atarax and adrenaline to the plaintiff to restore her breathing to normal and to alleviate the remaining conditions. She remained in his office for the rest of the afternoon and was then driven home by Garafolo.

---

[1] The defendants are Joel Zaretsky and Francine Garafolo. Garafolo has since married. Although her married name is Mengold, we will continue to refer to her as Garafolo.

Two and one-half years later, the plaintiff sought psychological treatment for the mental anguish she allegedly sustained as a result of this incident.

In her complaint,[2] the plaintiff alleges that (1) both Zaretsky and Garafolo negligently failed to exercise the skill and care ordinarily exercised by those in their positions, (2) as a result of their negligence the plaintiff "was forced to incur further medical expense and sustained great mental and emotional pain and anguish," and (3) as a further result of the defendants' actions her "ability to carry on her life's activities were severely curtailed and she continues to have a fear of any and all injections." The complaint does not allege that the plaintiff will be forced to incur future medical expenses. Defense counsel unsuccessfully objected to the introduction of evidence of such expenses.

The defendant contends that because the plaintiff did not allege in her complaint that she would be forced to incur future medical expenses, the trial court improperly instructed the jury that it could award such damages. We agree.

" 'The purpose of the complaint is to limit the issues to be decided at the trial of a case and is calculated to prevent surprise. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations in [her] complaint. . . . "A plaintiff may not allege one cause of action and recover upon another. Facts found but not averred cannot be made the basis for a recovery.". . .' " (Citations omitted.) *Savin* v. *National Personnel Consultants, Inc.,* 4 Conn. App. 563, 566–67, 495 A.2d 1109 (1985); see also *Farrell* v. *St. Vincent's Hospital,* 203 Conn. 554, 557, 525 A.2d 954 (1987); *Matthews* v. *F.M.C. Corporation,* 190 Conn. 700,

---

[2] The complaint consisted of two counts. The first count alleged negligence on the part of Joel Zaretsky and the second alleged negligence on the part of Francine Garafolo.

705, 462 A.2d 376 (1983); *Seery* v. *Yale-New Haven Hospital,* 17 Conn. App. 532, 542, 554 A.2d 757 (1989); *Krattenstein* v. *Thomas,* 7 Conn. App. 604, 610, 509 A.2d 1077 (1986).

Thus, the plaintiff cannot recover for something that was not specifically set out in her complaint. In her complaint, the plaintiff alleges only that she *"was forced to incur* further medical expense and *sustained* great mental and emotional pain and anguish." (Emphasis added.) This allegation was phrased in the past tense, indicating that she sought recovery for medical expenses already incurred and that she had already sustained great mental pain and anguish. There is no indication in the language of the complaint that the plaintiff anticipates incurring future medical expenses or that she suffers continuing mental pain and anguish.

Our appellate courts have noted the importance and the significance of the use of a particular tense. In *Connelly* v. *Doe,* 213 Conn. 66, 68, 566 A.2d 426 (1989), the court examined an order stating " 'that an inquiry be made to determine whether there is probable cause to believe that a crime or crimes within the jurisdiction of the Superior Court *have been committed* . . . .' " (Emphasis in original.) The court concluded that the language of the court order empaneling a grand jury investigation authorized investigation into past conduct only.[3] Id. In *Schieffelin & Co.* v. *Department of Liquor Control,* 194 Conn. 165, 479 A.2d 1191 (1984), the court addressed the retroactive application of a newly enacted statute. The court ruled that the use of the phrase "has had" in the act, which is the present perfect tense of the word "have," required

---

[3] The language of the enabling statute also limits the grand jury's investigatory power to past conduct. General Statutes § 54-47 (a), in effect at the time, provided "an investigation to determine whether or not there is probable cause to believe that a crime or crimes *have been committed* . . . within the judicial district . . . ." (Emphasis added.)

application of the act to not only newly created distributorships but also to distributorships in existence at the time of the act's passage. Id., 174–75. Relying on the well established rule of law, that words and phrases are to be construed according to the commonly approved usage of the language; General Statutes § 1-1 (a); *Caldor, Inc.* v. *Heffernan,* 183 Conn. 566, 570, 440 A.2d 767 (1981); the court concluded that "[t]he use of the present perfect tense of a verb indicates an action or condition that was begun in the past and is still going on or was just completed in the present." *Schieffelin* v. *Department of Liquor Control,* supra, 175. And in *Everett* v. *Ingraham,* 150 Conn. 153, 156–57, 186 A.2d 798 (1962), the court examined the phrase "[w]hen an award of compensation *shall have been* made" (emphasis added) to determine whether the plaintiff was entitled to compensation for a work related injury that antedated the effective date of the act under which he was seeking compensation. The court noted that the phrase "shall have been," which is in the future perfect tense, indicated that the act was intended to apply to any case in which the compensation award was made after the effective date of the act. Id.; see also *LoRusso* v. *Hill,* 139 Conn. 554, 558, 95 A.2d 698 (1953) (court examined effect of the future perfect phrase "shall have been given"); *Hartford* v. *Suffield,* 137 Conn. 341, 343–44, 77 A.2d 760 (1950) (court examined effect of the future perfect phrase "shall have resided").

Because we are bound by the four corners of the plaintiff's complaint, we must examine the specific language to determine the particular causes of action alleged. The tense used in the complaint dictates whether it encompasses past, present or future claims. Here, the allegations involving the plaintiff's medical

expenses were in the past tense, and thus encompassed medical expenses incurred only to the date of the complaint.[4]

Our appellate courts have considered numerous cases in which a plaintiff sought future medical expenses. Such expenses have been awarded where they were alleged in the complaint and supported by the evidence at trial. For example, in *Mulrooney* v. *Wambolt,* 215 Conn. 211, 575 A.2d 996 (1990), the plaintiff's award of future medical expenses was upheld where she alleged that she had suffered and would continue to suffer injuries and that she had incurred and would incur medical and hospital expenses. In *Healy* v. *White,* 173 Conn. 438, 378 A.2d 540 (1977), the Supreme Court affirmed an award of future medical expenses where the complaint alleged that as a result of the injuries sustained, the plaintiff had incurred and would in the future incur medical expenses on behalf of the victim.

Additionally, trial courts have demonstrated an understanding of the difference between medical expenses that have been already incurred and those that will be incurred in the future. In *Reilly* v. *DiBianco,* 6 Conn. App. 556, 575, 507 A.2.d 106, cert. denied, 200 Conn. 804, 510 A.2d 193 (1986), the complaint alleged that the plaintiff was rendered comatose and suffered permanent brain damage. Because of the permanent nature of the injuries, the trial court, in its instruction to the jury regarding future medical expenses, stated that the medical expenses incurred by the defendant up to the time of trial and those further expenses likely to be incurred in the future could be included in the jury's determination of damages, thereby distinguishing between the two types of damage awards. Id., 574–75. In *Doyle* v. *Russell,* 5 Conn.

---

[4] The phrase "was forced to incur" is the grammatical equivalent of the term "incurred."

App. 480, 499 A.2d 1169 (1985), the trial court's limitation of the plaintiff's loss of earnings to one week was upheld on appeal. In his complaint the plaintiff alleged that " '[a]s a result of the injuries, Mr. Doyle has not been [able] to fully attend to his employment and has lost income thereby." Id., 481. We concluded that because this allegation failed to allege a loss of future earning capacity, the trial court properly refused to instruct the jury that it could award future medical expenses as part of any damage award. Id., 482. Here, as in *Doyle,* by alleging in the complaint that the plaintiff "was forced to incur further medical expenses," the plaintiff explicitly limited her right of recovery to those expenses incurred prior to the trial.

Construing the allegations of the complaint in the light most favorable to the pleader; *O'Connor* v. *Dory Corporation,* 174 Conn. 65, 68-69, 381 A.2d 559 (1977); at most, the complaint alleges that the plaintiff has been forced to incur additional medical expenses to date. Even a broad reading of the complaint did not give the defendant notice of the additional issue. See *Waterbury Petroleum Products, Inc.* v. *Canaan Oil & Fuel Company,* 193 Conn. 208, 223-24 n.16, 477 A.2d 988 (1984). Because the complaint failed to allege that the plaintiff will incur future medical expenses, the trial court improperly instructed the jury that it could award such expenses.

The judgment is reversed and the case is remanded for a new trial.[5]

In this opinion the other judges concurred.

---

[5] Because liability and damages are "inextricably interwoven," we remand for a new trial on both liability and damages. See *Fazio* v. *Brown,* 209 Conn. 450, 457, 551 A.2d 1227 (1988).