[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff landlord, Victor Anstett commenced the instant action against the defendant tenants, Matthew A. Wolosko and Stephanie Phillips.[1] The plaintiff alleges. in his complaint that the defendants failed to pay the rent that was due on October 1, 2002.
The defendants filed a Special Defense asserting that they attempted to tender the rent that was due on November 1, 2002 and the plaintiff refused to accept the tender.
During the hearing of this matter, the defendants submitted evidence in the form of a cancelled check in the amount of one thousand four hundred dollars ($1,400) and a receipt for five hundred and thirty dollars ($530.00) cash. Said receipt is stamped with the plaintiffs name and address. It further provides as follows:
Rent 10-1-02 1st month 995.00 Security 995.00
1990.00 Deduct ...[2] 60.00 1930.00
Rec o/c 9-30-02 Ck... 10-01-02 Ck #281
 Balance 530.00 cash 10-04-02
Pd. In full 10-04-02[3]
The receipt is then signed with the name "Victor Anstett". CT Page 61
Although the Complaint in this matter alleges that the plaintiffs cause of action concerns the rent that was due on October 1, 2002, the more credible and convincing evidence presented at the hearing indicates that said rent was timely presented to the plaintiff.
In addition to the October rent, there was evidence presented at the hearing concerning the rent that became due on November 1, 2002. The plaintiff asserts that the rent was not timely paid, but the defendants' assert that the rent was offered on November 1, 2002, but refused by the plaintiff. The defendants further assert that the issue concerning the nonpayment of rent is pretextual and plaintiff has given them several different statements as to why he wanted them out of the rental unit. The Court finds the defendant Wolosko's testimony to be credible and convincing as to this issue.
The only reason sighted in the plaintiffs complaint for the eviction is the nonpayment of rent on October 1, 2002. While there may be valid reasons other than the alleged nonpayment or delinquent payment of rent, the plaintiff did not plead them. Courts are bound by the allegations made within the four corners of a Plaintiffs Complaint:
 Because we are bound by the four corners of the plaintiffs complaint, we must examine the specific language to determine the particular causes of action alleged.
Sampiere v. Zaretsky, 26 Conn. App. 490, 494 (1992).
 It is a common rule of pleading that "[t]he allegations of a complaint limit the issues to be decided on the trial of a case and are calculated to prevent surprise to opposing parties." (internal citations omitted)
New Haven v. Mason, 17 Conn. App. 92, 94 (1988).
Whereas the plaintiff has failed to meet his burden of proof that the defendants did not pay the rent that was due on October 1, 2002, judgment shall enter in favor of the defendants against the plaintiff, so ordered.
 ___________________ Richard A. Robinson, J. CT Page 62
January 2, 2003