ALL AMERICAN POOLS, INC. *v.* FRANK LATO ET AL.
(6783)

DALY, NORCOTT and FOTI, Js.

Argued December 12, 1989—decision released February 6, 1990

*James J. Farrell,* for the appellants (named defendant et al.).

*Simon Sumberg,* for the appellee (plaintiff).

NORCOTT, J. This appeal arises out of the plaintiff's action to foreclose a mechanic's lien filed against certain property owned by the defendant Rosalie Lato to secure payment allegedly due under a contract for the repair of a pool located on that property. The defendants Frank and Rosalie Lato (hereinafter defendants) appeal from the trial court's judgment accepting the report of the attorney trial referee and ruling in favor of the plaintiff, All American Pools, Inc. They claim that the attorney trial referee erred (1) in finding that the Home Solicitation Sales Act[1] did not apply to the parties' agreement, (2) in finding that the defendants failed to prove that the plaintiff did not hold the necessary licenses and permits required by the Home Improvement Act,[2] (3) in finding that the plaintiff did not use a fictitious name in violation of General Statutes § 35-1[3] or § 42-110b,[4] (4) in finding that the agreement between the parties was not void as a matter of public policy and not awarding sums already paid to the plaintiff and attorney's fees to the defendant, and

---

[1] The Home Solicitation Sales Act is contained in General Statutes § 42-134a et seq. General Statutes § 42-134a (a) defines a home solicitation sale as: "A sale . . . of consumer goods or services . . . in which the seller or his representative personally solicits the sale, including those in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is made at a place *other than the place of business of the seller.*" (Emphasis added.) The federal Commercial Practices Act, 16 C.F.R. § 429.1, note 1 (a) (1988), defines a door to door sale in language identical to that of our state act.

[2] General Statutes § 20-418 et seq. constitute the Home Improvement Act. Under § 20-420, "No person shall hold himself out to be a contractor or salesman without first obtaining a certificate of registration from the commissioner . . . ."

[3] General Statutes § 35-1 provides in pertinent part: "No person . . . shall conduct or transact business in this state, under any assumed name . . . other than the real name or names of the person or persons conducting or transacting such business . . . ."

[4] General Statutes § 42-110b of the Unfair Trade Practices Act prohibits persons from engaging in "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."

(5) in allowing the plaintiff to amend its pleadings after trial in order to conform to the requirements of new case law. We find no error.

Most of the relevant facts in this case are not in dispute. The plaintiff and the named defendant, the husband of the defendant Rosalie Lato, entered into a written service contract dated June 10, 1984, for repair work to be performed on the defendants' pool. The services described in that agreement were performed, and Frank Lato made the full cash payment. Subsequently, the plaintiff performed additional services on the defendants' pool. That additional work is the subject of this appeal.

The plaintiff claims that these additional services were performed pursuant to an agreement between the plaintiff and Frank Lato, who acted with his wife's knowledge. The defendants do not deny this contention, but rather they assert that the agreement is unenforceable because the services fall under the Home Solicitation Sales Act.

The defendants challenge several factual findings made by the attorney trial referee. In addressing a challenge to the facts found by the attorney referee, this court's function is to determine whether those findings are clearly erroneous. Practice Book § 4061; *Nor'easter Group, Inc.* v. *Colossale Concrete, Inc.,* 207 Conn. 468, 473, 542 A.2d 692 (1988). Only if they are clearly erroneous can we reverse the findings. "The resolution of conflicting factual claims falls within the province of the trial court." Id. This court cannot retry those facts or pass on the credibility of the witnesses. Id.

The defendants claim that the attorney referee erred in finding that the Home Solicitation Sales Act was inapplicable to this case because the initial contact between the parties occurred at the plaintiff's place of

business. They further claim that the referee erred in finding that the plaintiff held the necessary licenses and permits required by General Statutes § 20-418 et seq. to perform home improvement work and that the plaintiff did not use an unregistered and fictitious name in violation of General Statutes § 35-1 or General Statutes § 42-110b.

The plaintiff's president, John Romano, testified that the initial contact between the parties took place at its place of business. The defendants testified that no contact took place at the plaintiff's office, but rather, that the contract was entered into at their home and that, therefore, the agreement fell under the Home Solicitation Sales Act. Romano also testified before the referee that he was a licensed contractor and that a plumbing permit, which the defendants claim was necessary, was not specifically required for the work that his company performs. The defendants, although alleging a violation by the plaintiff of the Unfair Trade Practices Act for using an unregistered or fictitious name, produced no evidence to support this claim.

The attorney referee found the following facts. Rosalie Lato initially contacted the plaintiff at its place of business to engage its services to repair the defendants' pool. Frank Lato then entered into a written agreement with the plaintiff. After performance of the work outlined in the written contract was completed, the plaintiff advised the defendants that additional work was required, and Frank Lato agreed. He agreed to pay the amount due, $2561, within one week after completion. Upon completion of the work, the plaintiff sent bills to the defendants, but they did not pay.

Upon review of the entire record, we can find no reason to disturb the attorney referee's findings of fact. The finder of fact is in the best position to pass on the credibility of witnesses; *Nor'easter Group, Inc.* v.

*Colossale Concrete, Inc.,* supra; and she was free, therefore, to believe the plaintiff's witness. Because the referee's findings are adequately supported by the record, we conclude that there is no error.

Having concluded that the attorney referee did not err in finding that the initial contact between the parties occurred in the plaintiff's office, it follows that she correctly held the Home Solicitation Sales Act inapplicable to this case. Further, because we have concluded that the referee was reasonable in finding no statutory violation by the plaintiff, the defendants' claim that the contract was void as against public policy, based upon these alleged violations, also must fail.

Finally, the trial court did not err in allowing the plaintiff to amend its pleadings after trial in order to conform with the proof presented at trial and with new case law that was decided during the trial. See *Wilson* v. *R.F.K. Corporation,* 19 Conn. App. 548, 550, 563 A.2d 738 (1989). " 'The trial court may allow, in its discretion, an amendment to pleadings. . . . Such a ruling can be reversed only upon a clear showing of an abuse of discretion. . . . Factors to be considered in determining whether there has been an abuse of discretion include unreasonable delay, fairness to opposing parties and the negligence of the party offering the amendment. . . .' " (Citations omitted.) *Colonial Bank & Trust* v. *Matoff,* 18 Conn. App. 20, 26, 556 A.2d 619 (1989); see also *Wilson* v. *R.F.K. Corporation,* supra.

Midway through trial, our Supreme Court decided the case of *Caulkins* v. *Petrillo,* 200 Conn. 713, 513 A.2d 43 (1986). That case held that General Statutes § 20-429, a section of the Home Improvement Act, bars enforcement of oral home improvement agreements that have been fully performed by the contractor and partially performed by the homeowner. In light of *Caulkins,* and of the fact that the defendants attempted

to prove that the agreement for additional work was not outlined in any written documents, the plaintiff moved to amend his complaint to conform with that law and evidence. The court granted that motion, characterizing the amendment as technical, and gave the defendants the opportunity to present additional evidence to the attorney referee. The defendants presented no further evidence, and judgment was then entered upon the referee's report.

The trial court did not abuse its discretion in allowing this amendment. The defendants suffered no prejudice because the court offered them an opportunity to respond. Moreover, the plaintiff had no way of knowing that *Caulkins* would be decided midway through trial and that the defendants would be able to rely on its ruling in presenting their evidence, and, therefore, it was not negligence that necessitated the amendment. A party is permitted to amend the pleadings to conform with the proof offered. Practice Book § 178; *Wilson* v. *R.F.K. Corporation,* supra.

There is no error.

In this opinion the other judges concurred.