BROWN v JACOB

Docket No. 113275. Submitted January 11, 1990, at Detroit. Decided April 16, 1990.

Harold G. Brown, Sr., doing business as Home Fashions, brought an action in district court against Jesse Jacob, alleging a breach of contract. The facts showed that defendant called plaintiff at his place of business requesting an estimate for some nonemergency home repairs. Plaintiff went to defendant's house and, while there, entered into a contract to make repairs for $6,200. Defendant gave plaintiff a $3,000 deposit. The contract did not meet the requirements of the home solicitation sales act. Defendant told plaintiff to cease work and the lawsuit followed. Defendant counterclaimed, alleging breach of contract, negligence, misrepresentation, entitlement to relief under the Consumer Protection Act and entitlement to his deposit back under the home solicitation sales act. The court granted summary disposition for defendant on plaintiff's claim and dismissed defendant's counterclaim, holding that defendant was not entitled to return of his deposit under the home solicitation sales act. Defendant appealed and the Wayne Circuit Court, Kaye Tertzag, J., affirmed. Defendant appealed by leave granted.

The Court of Appeals *held:*

1. The contract is subject to the home solicitation sales act. Since the contract did not comply with its provisions, defendant is entitled to the return of his deposit.

2. The dismissal of defendant's other theories of recovery is affirmed.

Affirmed in part and reversed in part.

GRIFFIN, P.J., dissented. He would hold that the home solicitation sales act does not apply since the sale in this case resulted from defendant's phone call to plaintiff's place of business and because it did not involve any solicitation on the seller's part. He would affirm.

REFERENCES

Am Jur 2d, Sales § 84.

See the Index to Annotations under Consumer Protection; Repairs and Maintenance; Sale and Transfer of Property.

SALES — HOME SOLICITATION SALES ACT.
> A contract for the purchase of nonemergency home repair services initiated by a telephone call from the buyer to the seller at his place of business and negotiated in the buyer's home when the seller came to inspect the job site is subject to the provisions of the home solicitation sales act (MCL 445.111 *et seq.*; MSA 19.416[201] *et seq.*).

*UAW Chrysler Legal Services Plan* (by *John E. Johnson* and *John E. Phillips*), for defendant.

Before: GRIFFIN, P.J., and REILLY and R. B. BURNS,* JJ.

REILLY, J. Defendant/counter-plaintiff Jesse Jacob appeals by leave granted from the circuit court order affirming the district court's dismissal of his counterclaim against plaintiff/counter-defendant Harold G. Brown, Sr. We affirm in part and reverse in part.

In July of 1986, Jacob apparently phoned Brown requesting an estimate for several nonemergency home repairs.[1] On August 29, 1986, in response to the invitation, Brown made an on-site inspection at Jacob's home. While Brown was still in the house, he and Jacob entered into a written contract whereby Brown agreed to make the repairs in exchange for $6,200. Jacob gave Brown a $3,000 deposit. The contract did not provide that it could be cancelled within three days of its execution and did not contain a "notice of cancellation" as required by the home solicitation sales act (HSSA), MCL 445.113; MSA 19.416(203).

Jacob eventually became dissatisfied with Brown's work and notified Brown that he should cease work on the project.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

[1] We note that our development of the precise factual history was hampered by Jacob's failure to provide this Court with *complete* transcripts of the parties' deposition testimony.

On November 6, 1986, Brown commenced the underlying breach of contract action demanding the remaining balance due under the contract. In response, Jacob filed a counterclaim seeking damages for breach of contract, negligence and misrepresentation as well as relief under the Michigan Consumer Protection Act, MCL 445.901 *et seq.*; MSA 19.418(1) *et seq.* Jacob also alleged that he was entitled to a refund of his $3,000 deposit pursuant to the HSSA.

Jacob then moved for summary disposition on the basis that Brown was precluded from bringing an action to recover the remaining balance since the underlying contract did not comply with the HSSA. MCL 445.117; MSA 19.416(207). On August 3, 1987, the district court granted Jacob's motion. However, the district court also dismissed Jacob's counterclaim, finding that the HSSA did not entitle Jacob to a refund of his deposit. The district court did not articulate the basis for its dismissal of Jacob's negligence, breach of contract and misrepresentation claims.

On Jacob's appeal to the circuit court, the sole issue presented was whether Jacob was entitled to a refund of his deposit. Brown argued that he was entitled to keep the deposit under the theory of quantum meruit. The circuit court adopted Brown's argument and found that "the district court's decision [was] supported by competent, material and substantial evidence on the whole record."

I

Jacob now contends that the circuit court erred in affirming the district court's determination that he was not entitled to a refund of his deposit. We agree.

The HSSA defines "home solicitation sale" as

> a sale of goods or services of more than $25.00 in which the seller or a person acting for the seller engages in a personal or telephone solicitation of the sale at a residence of the buyer and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller. Home solicitation sale does not include . . . a sale made pursuant to prior negotiations between the parties at a business establishment at a fixed location where goods or services are offered or exhibited for sale. [MCL 445.111; MSA 19.416(201).]

The HSSA also provides that one who solicits a contract of goods or services of more than $25 at the residence of the buyer must provide the buyer with a written notice that the contract may be cancelled within three days of its execution. MCL 445.113(1); MSA 19.416(203)(1).[2] Until the seller provides the statutorily required notice, the buyer may rescind the contract by notifying the seller in any manner of his intention to rescind. MCL 445.113(4); MSA 19.416(203)(4). Moreover, once a buyer cancels a sale, the seller must return any payment the buyer has made within ten days of the cancellation. MCL 445.114(1); MSA 19.416

---

[2] MCL 445.113(1); MSA 19.416(703)(1) provides:

(1) In a home solicitation sale, unless the buyer requests the seller to provide goods or services without delay in an emergency, the seller shall present to the buyer and obtain the buyer's signature to a written agreement or offer to purchase which designates as the date of the transaction the date on which the buyer actually signs.

The agreement or offer to purchase shall contain a statement substantially as follows in immediate proximity to the space reserved in the agreement or offer to purchase for the signature of the buyer:

"You, the buyer, may cancel this transaction at any time prior to midnight of the third business day after the date of this transaction. See the attached notice of cancellation form for an explanation of this right."

(204)(1). A seller has twenty days after the cancellation to demand the return of any goods delivered. Failing to do so, the goods become the property of the buyer without obligation. MCL 445.115(1); MSA 19.416(205)(1).

While it is acknowledged that Jacob invited the estimate by calling Brown, all subsequent negotiations occurred at Jacob's home. There is no evidence offered nor does Brown contend that he was approached at a business establishment at a fixed location where goods or services were offered or exhibited for sale. Nor does Brown contend that the sale was made pursuant to prior negotiations between the parties at such a business establishment. MCL 445.111; MSA 19.416(201). Therefore, the HSSA is applicable. Because the contract did not contain the statutorily required "notice of cancellation" Jacob was entitled to rescind the contract. Although the circuit court expressed some concerns about consumers obtaining a windfall when they are permitted to rescind a contract once performance has begun, the clear and unambiguous language of the statute provides that a seller is not entitled to compensation for services performed before the contract's cancellation. MCL 445.115(2); MSA 19.416 (205)(2).[3] Accordingly, the circuit court erred in affirming the district court's determination that Jacob was not entitled to a refund of his deposit. We reverse.

II

Jacob also contends that the circuit court erred in affirming the dismissal of his breach of contract, negligence and misrepresentation claims. These

---

[3] MCL 445.115(2); MSA 19.416(205)(2) provides:

(2) If the seller has performed any services pursuant to a home solicitation sale before its cancellation, the seller is not entitled to compensation.

issues were not properly preserved for appeal. Therefore we decline to review them.

In summary, we reverse the circuit and district courts' determination that Jacob was not entitled to a refund of his deposit. We affirm the dismissal of Jacob's alternative theories of liability.

R. B. BURNS, J., concurred.

GRIFFIN, P.J. *(dissenting)*. I respectfully dissent. I do not believe that the instant sale falls within the definition of a "home solicitation sale" under the home solicitation sales act (HSSA), MCL 445.111 *et seq.*; MSA 19.416(201) *et seq.*

The HSSA provides:

> (a) "Home solicitation sale" means a sale of goods or services of more than $25.00 in which the seller or a person acting for the seller engages in a personal or telephone solicitation of the sale at a residence of the buyer and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller. Home solicitation sale does not include a sale made pursuant to a preexisting revolving charge account, a sale made pursuant to prior negotiations between the parties at a business establishment at a fixed location where goods or services are offered or exhibited for sale, a sale of insurance by an insurance agent licensed by the commissioner of insurance, or a sale of services by a real estate broker or salesperson licensed by the department of licensing and regulation. Home solicitation sale does not include a sale of agricultural or horticultural equipment and machinery which is demonstrated to the consumer by the vendor at the request of either or both of the parties. [MCL 445.111; MSA 19.416(201).]

The sale in the instant case was made in re-

sponse to a telephone call *from Jacob* to Brown's place of business requesting an estimate for several nonemergency home repairs. It is undisputed that Jacob had not been solicited by Brown in any fashion whatsoever.[1] After viewing the residence at the invitation of Jacob, the parties executed a written contract in the home for the requested construction repairs. Under the plain language of the home solicitation sales act, this sale does not constitute a "home solicitation sale," since it was the result of prior negotiations between the parties at the business establishment of Brown (albeit over the telephone). See MCL 445.111(a); MSA 19.416(201)(a). More importantly, the resulting contract was wholly consumer initiated. The contractor, Brown, did not solicit the sale. On the contrary, it was Jacob who sought out Brown. Thus, I would affirm the lower court and hold that the act does not apply under these circumstances.

I note that other jurisdictions have addressed similar factual scenarios within the context of their home solicitation sales acts. In *Tambur's, Inc v Hiltner,* 55 Ohio App 2d 90; 9 Ohio Op 3d 239; 379 NE2d 231 (1977), the consumer contacted the contractor by telephone, inviting the contractor to her residence for the purpose of submitting a home repair and remodeling estimate. She later "cancelled" the contract, and asserted the Home Solicitation Sales Act as a defense to the contractor's suit for breach of contract. In rejecting the defense, the Court of Appeals of Ohio held that, where the consumer initiates the contact between the parties, the transaction is excluded from the protection of the Home Solicitation Sales Act, Ohio

---

[1] At oral argument, the parties agreed that Jacob called Brown after a friend of Jacob's had recommended Brown.

Rev Code 1345.21(A)(4).[2] Further, the Court of Appeals ruled that, because the sale was made pursuant to prior negotiations between the parties at the seller's place of business, the act was not applicable.

In *All American Pools, Inc v Lato,* 20 Conn App 625; 569 A2d 562 (1990), the Appellate Court of Connecticut held that the Connecticut Home Solicitation Sales Act did not apply to a consumer initiated contract to repair a swimming pool. The unsolicited consumer-defendant in *All American Pools* contacted the plaintiff at plaintiff's place of business to engage plaintiff's services to repair defendant's swimming pool. A written contract was later executed at the defendant's residence. After the defendant failed to pay for the agreed-upon pool repairs, plaintiff filed suit. The Appellate Court of Connecticut rejected the argument that the contract was void by operation of the Home Solicitation Sales Act, holding that the act was inapplicable because the initial contact was consumer initiated and occurred at the plaintiff's office.

While there are differences between our act and those of other jurisdictions,[3] the spirit and pur-

---

[2] The Ohio Home Solicitation Sales Act provides in pertinent part:

(A) "Home solicitation sale" means a sale of consumer goods or services in which the seller or a person acting for him engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for him, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business. It does not include a transaction or transactions in which:

*   *   *

(4) The buyer initiates the contact between the parties for the purpose of negotiating a purchase and the seller has a business establishment at a fixed location in this state where the goods or services involved in the transaction are regularly offered or exhibited for sale.

[3] See generally 16 CFR 429.1; Cal Bus & Prof Code, § 17500.3; Conn

poses of the acts are the same. For example, the New York statute specifically provides that its purpose is "to afford customers a 'cooling off' period to cancel contracts which are entered into as a result of high pressure door-to-door sales tactics." NY Personal Property Law, § 425.

The instant situation is not the type of transaction that the Michigan HSSA was designed to regulate. The legislative histories of these statutes indicate that their purpose was to protect consumers from intrusions into their homes by door-to-door and telephone solicitors. In those circumstances, the consumer has not yet prepared himself or herself for the negotiation process or braced himself or herself for the possibility of high-pressure sales tactics. The consumer is therefore in a uniquely vulnerable position and is susceptible to an unwanted sale of consumer goods. The home solicitation sales act serves to protect the consumer from such vulnerabilities.

By contrast, the sale between the instant plaintiff and defendant is not of the type to be protected under the Michigan HSSA. The defendant here sought out the plaintiff contractor without any solicitation from the plaintiff. Defendant was fully prepared and able to negotiate for the repairs to his home. There was little danger that defendant would be unduly pressured by the plaintiff since the defendant clearly initiated and controlled the negotiation process.

Defendant has simply failed to pay for repairs to his home that he ordered. It would be an affront to the spirit and purpose of the HSSA to allow him refuge under its provisions. Accordingly, I would affirm.

Gen Stat Anno, § 42-134a; Fla Stat, § 501.021 *et seq.*; Kentucky Rev Stat, § 367.410 *et seq.*; NY Pers Prop Law, § 425 *et seq.*