[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In their one count complaint, the plaintiffs, Lauren Blubaugh, f/k/a Lauren Mills, and Michael Mills, seek to foreclose a first mortgage executed by the defendant, Rockland Road Partners, a general partnership, and a number of its partners, including its managing partner, David A. Cleveland, and Nancy Cleveland.[1]
The plaintiffs allege that the defendants signed a promissory note, dated September 16, 1983, in the original principal amount of $600,000 payable to Lauren Corporation; that to secure this note the defendants executed a purchase money mortgage to Lauren Corporation involving an industrial building located at 13 Martin Luther King Drive in South Norwalk and situated on approximately one acre; that the mortgage was subsequently assigned to the plaintiffs; that the subject premises were conveyed in 1990 to David A. Cleveland, who is currently the record owner and in possession thereof; that the promissory note is in default and that the plaintiffs chose accelerate the note; that the principal debt is approximately $540,000; and that the plaintiffs seek a foreclosure of their mortgage.
The defendants filed an answer denying that they were in default and a special defense to the effect that the plaintiffs had failed to provide notice to the Clevelands of the alleged default and acceleration of the note.
This case was referred to Attorney Edwin K. Dimes, an attorney trial referee, in accordance with General Statutes §52-434 (a) and Practice Book § 428 et seq. The referee conducted a trial and then filed his report containing the following findings of fact: (1) that the note called for monthly payments to be amortized over a twenty five year period, with the entire balance due by way of a balloon payment ten years after execution, viz., September of 1993; (2) that the defendants CT Page 8974 missed three monthly installments; (3) that the note did not require notice of a default in the event of failure to make periodic payment, but that, in any event, the present action was commenced only after the debt had matured in September, 1993; (4) that the note was in default as the maturity date has passed without payment of the required balloon payment; (5) although the parties discussed extending the mortgage after ten years had expired, and the plaintiffs made a proposal in January, 1994, the claim by the defendants that the plaintiffs agreed to extend the mortgage was erroneous because the parties never came to an agreement concerning such an extension; (6) that the present fair market value of the subject premises was $775,000 based on the assessment by the Norwalk municipal assessor and the testimony of David Cleveland, the owner of the subject premises; and (7) that the debt, including interest at the minimum rate of 11% until maturity and thereafter at 12%, was approximately $586,000, exclusive of attorney's fees and costs, at the time of trial on December 7, 1994, with a per diem amount of $168.13.
The attorney trial referee concluded as a result of his findings of fact that a judgment of foreclosure should enter in favor of the plaintiffs to include attorney's fees and costs as provided in the promissory note executed by the defendants.
The defendants, the Clevelands and Condor, pursuant to Practice Book § 438, moved to correct the referee's report to reflect that: (1) the plaintiffs failed to prove that they had given written notice to the defendants of a default in periodic payments or the failure to make the balloon payment at maturity; (2) the plaintiffs never provided the defendants with a pay-off figure as of the maturity of the note in September, 1993; (3) the parties had agreed on an extension of the mortgage, but the plaintiffs breached the agreement and acted in bad faith by insisting on a complete refinancing of the mortgage; and (4) the plaintiffs never provided a notice of acceleration to the defendants. In response to the motion to correct filed by the defendants, the attorney trial referee declined to make any corrections to his report or recommendation that a judgment of foreclosure enter in favor of the plaintiffs.
The plaintiffs also filed a motion to correct the referee's report on the ground that the amount of debt due from the defendants had been miscalculated, and that the debt was approximately $632,000, not $586,000, as found by the referee. The plaintiffs also claimed that the referee had overvalued the CT Page 8975 fair market value of the subject premises at $775,000, instead of $550,000, as testified to by their appraiser. The referee declined to change his report in either regard.
The defendants filed exceptions to the referee's report pursuant to Practice Book § 439, and properly included the required transcript of the evidence that was introduced at the trial. The exceptions contend that the referee was in error in failing to find, or to delete, those facts referred to in the defendants' motion to correct, and in his conclusion that the plaintiffs were entitled to a foreclosure of their mortgage. The defendants reiterated their contention that the plaintiffs had failed to prove that they had given notice to the defendants of a default in the payment of the note, or of the pay-off figure upon maturity, and that the plaintiffs had breached their agreement to extend the terms of payment of the mortgage.
The plaintiffs also filed exceptions to the report regarding the calculation of the debt, claiming that the note, by its terms, was supposed to be recast in 1990 at a new interest rate, and that the interest was increased to 11% from that year to maturity in 1993, and hence the debt was approximately $632,000 because of the new interest payment.
As to this court's scope of review of an attorney trial referee's recommendations regarding the facts of a given case, the Supreme Court has stated that: (1) the trial court may not "retry the case"; and (2) a court may not find additional facts or reject facts found by the referee unless, in the words of Practice Book § 439, "a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear." Dills v. Enfield,210 Conn. 705, 714, 557 A.2d 517 (1989). Furthermore, a trial court may not engage in "fact-finding contrary to the report of the referee." Id., 716. See also Practice Book § 440.
Therefore, the issue in this case concerns the referee's factual findings that proof of notice of default was not necessary because the action did not commence until after maturity when the principal was due and not paid, and that the parties did not reach an agreement on extending the time when the mortgage payments were due. A review of the transcript indicates that there was sufficient credible support in the record for these factual findings made by the referee.[2] Although CT Page 8976 evidence to the contrary was presented at trial, it is axiomatic that "[w]here evidence is in conflict, its probative value is for the trier of fact to determine." Bernard v. Gershman, 18 Conn. App. 652,656, 559 A.2d 1171 (1989). It appears from reviewing the defendants' motion to correct and their exceptions to the report, that the defendants are attempting to substitute their own version of the facts for those found by the referee, a practice discountenanced in Argentinis v. Gould, 23 Conn. App. 9,19, 579 A.2d 1078, rev'd on other grounds, 219 Conn. 151,592 A.2d 375 (1991).
As to the referee's calculation of the debt and the fair market value of the mortgaged premises, to which the plaintiffs have filed exceptions, the record indicates that although Mr. R. F. Royce, a licensed real estate appraiser, testified as to his opinion that the fair market value of the subject premises was $550,000, the attorney trial referee chose to credit the testimony of Mr. Cleveland, the owner of the premises, who indicated that he had paid $750,000 to purchase the property in 1983, and had it listed for sale at $800,000. The referee also considered the ratio of assessed value to fair market value as determined by the city assessor, including a revaluation in Norwalk as of October 1, 1994. It is clearly within the province of the finder of fact to evaluate the credibility of witnesses. All American Pools, Inc. v. Lato,20 Conn. App. 625, 628-29, 569 A.2d 562 (1990).
Regarding the exact amount of the debt, there was some confusion on the part of the plaintiffs' witness as to the principal due, although Mr. Cleveland's own amortization schedule was used, which reflected payment to the plaintiffs of several monthly payments even after the maturity date. In addition, the plaintiffs two different loan amortization schedules were employed. The first one was based on twenty five years at the time the note was executed in 1983, and the subsequent schedule started in 1990. The referee regarded the debt as a ten-year payout because the plaintiffs did not attempt to claim enhanced interest after 1990, but rather used the figure of 11% over the course of the loan. Thus, the referee determined that the principal debt at the time of trial was approximately $586,000, not $632,000 as claimed by the plaintiffs.
Neither the plaintiffs nor the defendants filed objections to the acceptance of the referee's report, Practice Book § 440, meaning that both parties to this suit have waived any right to CT Page 8977 claim that the referee's conclusions of fact were not properly reached on the basis of the subordinate facts that were found, or that there were errors in rulings on the admission of evidence or in other rulings.
After hearing the evidence, the attorney trial referee found that notice of a default in payment of the monthly installments did not have to be provided, that in any event suit commenced only after the date of maturity, that the parties never reached an agreement on an extension of the mortgage, and hence the plaintiffs did not have "unclean hands" as claimed. The referee also found, as facts, the amount of the debt and the fair market value of the subject premises, and concluded that the plaintiffs were entitled to a foreclosure of their mortgage from the defendants. Based on the standard of review in Dills v. Enfield,
supra, 210 Conn. 714, the court finds that this recommendation is not illegal or illogical. To the contrary, in the words of Practice Book § 440, the referee's recommendations were "properly reached on the basis of the subordinate facts found." No material error in the referee's report has been found, or any other sufficient reason why the report is unacceptable. See Practice Book § 443.
Accordingly, judgment is entered in favor of the plaintiffs and a foreclosure is ordered. The debt is found to be $625,174.29, as of the date of this judgment. The fair market value of the premises, as of the date of the referee's report, is found to be $775,000. The matter should now be claimed for the foreclosure calendar at which time the type and date of foreclosure, and any other necessary matters including attorney's fees, can be determined by the court.
Statutory costs are to be taxed by the clerk.
So Ordered.
Dated at Stamford, Connecticut, this 1st day of August, 1995.
William B. Lewis, Judge