LoConto, J.
The defendant/appellant’s expedited appeal came before the Appellate Division pursuant to Rule 8A of the Dist./Mun. Cts. R. A. D. A. He claimed that the trial *174 judge committed error when he ruled that G.L.c. 93, §48 did not apply to the facts in this case. We rule that the judge did not commit prejudicial error and order that the appeal be dismissed. The facts necessary for an understanding of the issues taken from the findings of the trial judge are as follows.
Mark Donaher, d/b/a, Topsoil Landscape and Design (contractor), plaintiff/appellee, brought this action against Peter Porcaro (homeowner), defendant/appellant, seeking payment for the work performed subsequent to the execution of a contract between the parties on April 3, 1990. The contractor agreed to perform various services for a total sum of $10,079.00. The agreement stipulated that payments of a specific amount were due after completion of four individual phases of work. After the contractor sought payment for the first two phases of work, he discontinued working because the homeowner refused to remit the payments. The homeowner claimed that the work was not performed in compliance with the contract. The court found in favor of the contractor in the sum of $1,714.00, under a theory of quantum meruit. The claim for attorney’s fees was denied where the court found lacking complete and strict performance with the terms of the contract. The homeowner asserted that the contractor is not entitled to recover and is liable under G.L.c. 93A for violating G.L.c. 93, §48. The defendant/appellant is aggrieved by the court’s ruling that the contractor did not violate the provisions of G.L.c. 93, §48.
We agree that G.L.c. 93, §48 is not applicable to the facts of this case. The judge’s findings, which are supported by the evidence, indicate that the homeowner initially contacted the contractor for an estimate for landscaping services. An initial agreement drawn up by the contractor dated March 19, 1990, was amended by the homeowner when he made changes to the contract. A final agreement incorporating those amendments was signed by the contractor on March 31,1990, and by the homeowner on April 3, 1990. As the trial judge ruled, “[tjhis statute was not intended to protect consumers who make a decision to have work done, without external pressure by a contractor, and then on their own initiative, contact a contractor for an estimate of the services considered.” Other jurisdictions have ruled that “[a] homeowner who initiates a transaction with a contractor for information may not claim protection of a home solicitation law even if subsequent negotiations and signing of the contract are done at the homeowner’s home.” 35 MASS. PRACT. (ALPERIN & CHASE), §56, (1995). See: Brown v. Jacob, 439 Mich. 865, reversing 183 Mich. App. 387 (1990); All American Pool Inc. v. Lato, 20 Conn. 625 (1990). There was no prejudicial error committed and we order that the appeal be dismissed.