[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION OBJECTION TO REQUEST TO AMEND COMPLAINT NO. 123
The plaintiff, Peter A. Tomback, filed a one-count amended complaint against the defendant, Henry Lyons III, on August 2, 1993. The plaintiff alleges that in 1988, as a lawyer in the state of New York, he represented Jerome J. Zaccaria Sr. as trustee for the Remodeling Consultants, Inc. Money Purchase Plan and Trust (RCI). On February 1, 1988, Elizabeth Papscy executed a mortgage to RCI, which was secured by a note from Elizabeth and Donald C. Papscy to RCI dated October 1, 1988. The subject property was located in Fairfield, Connecticut. The plaintiff hired the defendant to represent RCI and the plaintiff in the mortgage transaction with the Papcsys. In the course of his responsibilities, the defendant allegedly failed to record the RCI mortgage before recording a subsequent mortgage, thereby impairing the security of the RCI mortgage. As a result, RCI has given notice of its intent to sue the plaintiff. The plaintiff alleges that the defendant was negligent in failing to record the RCI mortgage in a timely manner, and that as a result of that negligence, the plaintiff has and will incur attorney's fees and costs, and may be required to pay money to RCI if there is inadequate security for the RCI mortgage.
On May 13, 1997, the plaintiff filed a request for leave to amend the amended complaint. The plaintiff seeks to add a second count to the amended complaint for breach of contract. The defendant filed this objection to the request to amend the complaint on May 22, 1997. The defendant argues that the breach of contract claim is a new cause of action, that the breach of contract claim is time-barred, and that the late date of the CT Page 3465 proposed amendment is prejudicial to the defendant. The plaintiff argues that while the parties executed the underlying contract in 1988, the alleged breach did not occur until May 13, 1991, when the subsequent mortgage was recorded before the RCI mortgage. The plaintiff argues that the date of the breach, May 13, 1991, is within six years of the date the proposed amendment to the complaint was filed on May 13, 1997, and therefore the breach of contract claim is not time-barred. The plaintiff also argues that even if the court finds that the breach of contract claim is time-barred, the allegations in the proposed second count do not state a new cause of action and relate back to the allegations contained in the first count.
"It is true that a party may properly amplify or expand what has already been alleged in support of a cause of action, provided the identity of the cause of action remains substantially the same. . . . If a new cause of action is alleged in an amended complaint, it will speak as of the date when it is filed. . . . A cause of action must arise from a single group of facts. . . . A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and which entitles the plaintiff to relief. . . . A right of action at law arises from the existence of a primary right in the plaintiff, and in invasion of that right by some delict on the part of the defendant. The facts which establish the existence of that right and that delict constitute the cause of action. . . . Where an entirely new and different factual situation is presented, a new and different cause of action is stated." (Citations omitted; internal quotation marks omitted.)Connecticut National Bank v. D'Onofrio, 46 Conn. App. 199, 208,699 A.2d 237, cert. denied, 243 Conn. 926, 701 A.2d 657 (1997). "Our relation back doctrine provides that an amendment relates back when the original complaint has given the party fair notice that a claim is being asserted stemming from a particular transaction or occurrence, thereby serving the objectives of our statute of limitations, namely, to protect parties from having to defend against stale claims. . . ." (Internal quotation marks omitted.) Barrett v. Danbury Hospital, 232 Conn. 242, 264,654 A.2d 748 (1995).
"Any claim upon a written contract must be brought within six years after the right of action accrues. In an action for breach of contract, the cause of action is complete upon the occurrence of the breach, that is, when the injury has been inflicted." (Internal quotation marks omitted.) McNeil v. Riccio,
CT Page 346645 Conn. App. 466, 472-73, 696 A.2d 1050 (1997). "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action." (Internal quotation marks omitted.) Engelman v. ConnecticutGeneral Life Ins. Co., 240 Conn. 287, 294 n. 7, 690 A.2d 882
(1997).
Although the contract is alleged to have been executed in 1988, the plaintiff's cause of action accrued on the date of the actionable breach May 13, 1991, when the defendant is alleged to have recorded the subsequent mortgage before the RCI mortgage. As the date of the breach is within six years of the date of the filing of the proposed amendment, the plaintiff's proposed second count of the complaint is not time-barred pursuant to General Statutes § 52-576.[1]
"The grant or denial of a motion to amend the pleadings is a matter within the discretion of the trial court. . . . In the interest of justice courts are liberal in permitting amendments; unless there is . . . an abuse of discretion. . . . The trial court is in the best position to assess the burden which an amendment would impose on the opposing party in light of the facts of the particular case. The essential tests are whether the ruling of the court will work an injustice to either the plaintiff or the defendant and whether the granting of the motion will unduly delay a trial." (Citations omitted; internal quotation marks omitted.) Eisenbach v. Downey, 45 Conn. App. 165, 181,694 A.2d 1376, cert. denied, 241 Conn. 926, 696 A.2d 264 (1997).
The defendant has not shown how the granting of the proposed amendment to add a breach of contract claim, which arises out of the same facts and circumstances as the original negligence claim, will prejudice the defendant. The defendant has had notice of the underlying transaction or occurrence since 1993. Although the defendant argues that this matter is scheduled to go to trial in the near future, trial courts have allowed the pleadings to be amended up to and through trials so that the pleadings may conform with the facts as discovered. See Eisenbach v. Downey,
supra, 45 Conn. App. 181-82 (trial court did not abuse its discretion in permitting the plaintiffs to amend their complaint near the end of the trial to conform the pleadings to the proof, and any claim of prejudice was waived by the defendants' failure CT Page 3467 to object to the evidence when it was introduced at trial); AllAmerican Pools, Inc. v. Lato, 20 Conn. App. 625, 629-30,569 A.2d 562 (1990) (trial court did not abuse its discretion in allowing the plaintiff to amend its pleadings after trial to conform with the proof presented, and the defendants suffered no prejudice because they were given the opportunity to respond); ConnecticutBank Trust Co. v. Wilcox, 3 Conn. App. 510, 490 A.2d 95, cert. denied. 196 Conn. 804, 494 A.2d 904 (1985) (in the discretion of the trial court, pleadings may be amended before, during and after trial to conform to the proof). Because the defendant has not shown how it would be prejudiced by the addition of the proposed breach of contract claim before the start of the trial, the court may, in its discretion, grant the plaintiff's motion to amend the amended complaint.
Although the breach of contract claim states a new cause of action it was filed within applicable six year statute of limitation, and is therefore timely.
Accordingly the defendant's objection to the plaintiff's request to amend the amended complaint is overruled.
SKOLNICK, J.