[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' OBJECTION TO REPORT OF ATTORNEY TRIAL REFEREE
The defendant's objections are totally fact bound in nature and scope. In effect, they ask the court to reject the report of the CT Page 919 attorney trial referee because it reached erroneous factual conclusions from the subordinate facts found. Because no transcript was filed in support of the objection and no exceptions were filed pursuant to P.B. § 19-13 the court is bound to accept the referee's factual findings. Ruhl v.Fairfield, 5 Conn. App. 104, 106 (1985). Consequently, the court's function is limited by P. B. § 19-14 to a determination of whether the conclusions of fact and law "are legally and logically correct and whether they find support in the facts found by the referee". Bernard v. Gershman,18 Conn. App. 652, 656 (1989). In such a situation, the objecting party must show that these findings are clearly erroneous. All AmericanPools, Inc. v. Lato, 20 Conn. App. 625, 627 (1990). The resolution of conflicting factual claims falls within the province of the trier of Fact. This court cannot retry the facts or pass on the credibility of witnesses. Nor'easter Group, Inc.v. Colassale Concrete, Inc., 207 Conn. 468, 473 (1988). The defendant has failed to meet its burden under P. B. § 19-14.
Judgement may enter for the plaintiff in accordance with the referee's report.
THE COURT,
Mottolese, Judge